IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD HAYEK, *et al.*, | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| PLUTO TRANSPORT, LLC., *et al.*, | : | |
| Defendants. | : | NO. 24-4302 |

**<u>MEMORANDUM OPINION</u>**

Pending before the court is Plaintiff Richard Hayek's Post-Trial Motion to Mold the Jury

Verdict to Include Delay Damages pursuant to Pennsylvania Rule of Civil Procedure 238 ("Rule

238"), following a jury verdict in Plaintiff's favor awarding $100,000 in compensatory damages.

ECF No. 72.  Plaintiff argues that Defendants failed to make a written settlement offer containing

an express provision that the offer would remain open for ninety days or until trial.  Pl. Br. ¶ 12.

Defendants do not dispute that Plaintiff is entitled to delay damages.  Instead, they contend that

the amount of delay damages should be reduced because their settlement offers—although lacking

an express ninety-day or until-trial provision—were effectively continuing offers, as demonstrated

by the progressive nature of the settlement negotiations, counsel's conduct, and the absence of any

qualifying terms or time limitations on the offers.  Def. Resp. ¶ 6.

This Court finds that Defendants failed to comply with Rule 238's strict requirements for

settlement offers and, therefore, will not reduce the damages.

## I.        LITIGATION HISTORY

This matter arises from a motor vehicle collision that occurred on September 25, 2023.

The action was initially brought by Mr. and Mrs. Hayek; however, Mrs. Hayek's claims resolved

prior to trial.  On April 11, 2024, the Hayeks filed a Civil Action Complaint against Defendants in

the Philadelphia County Court of Common Pleas.  Pl. Br. ¶ 2.  Plaintiffs served Defendant Hamraj

1

Singh via USPS Certified Mail on June 4, 2024. Pl. Br. ¶ 3. Defendants removed the matter to the United States District Court for the Eastern District of Pennsylvania based on diversity jurisdiction on August 19, 2024. ECF No. 2. The parties consented to this court's jurisdiction on January 1, 2025. ECF. No. 11.

In the months preceding trial, the parties engaged in settlement negotiations via email and, during a judicial conference, on November 4, 2025. Initially, Plaintiffs issued a combined settlement demand of $650,000 on August 5, 2025. Def. Resp. ¶ 1. Defendants responded with a combined offer of $50,000 on August 15, 2025. Def. Resp. ¶ 2. Plaintiffs rejected that offer on October 13, 2025—sixty days later—and countered with a joint demand of $500,000. Def. Resp. ¶ 3. The following day, Defendants increased their offer to a combined $70,000. Def. Resp. ¶ 4. Mrs. Hayek's case resolved. Next, at the November 4, 2025, settlement conference, Defendants conveyed a final settlement offer of $100,000 for Mr. Hayek. Def. Resp. ¶ 5. Plaintiff rejected the offer, therefore, the parties proceeded to trial on Mr. Hayek's claims.

A jury trial commenced on December 1, 2025, regarding Mr. Hayek's negligence claims against Defendants. ECF No. 35. On December 4, 2025, the jury returned a unanimous verdict that found Defendants jointly and severally liable for Plaintiff's injuries and awarded Plaintiff $100,000 in compensatory damages. ECF No. 68.

## II.    DISCUSSION

Pennsylvania Rule of Civil Procedure 238 permits a successful Plaintiff in cases involving bodily injury, death or property damage to recover interest on the amount of his or her award. The purpose of Rule 238 is twofold: "(1) to alleviate delay in the courts, and (2) to encourage defendants to settle meritorious claims as soon as reasonably possible." Pa.R.C.P. 238, Explanatory Comment–1988, *citing Laudenberger v. Port Authority of Allegheny County*, 436

A.2d 147 (1981); *see also Travelers Cas. & Sur. Co. v. Ins. Co. of N.Am.*, 609 F.3d 143, 172-73 (3d Cir. 2010).

The calculation for delay damages does not encompass the entire litigation period, rather damages are "awarded for the period of time from a date one year after the date original process was first served in the action up to the date of the award, verdict or decision." Pa.R.C.P. 238(a)(2). However, "the period of time for which damages for delay shall be calculated under subdivision (a)(2) shall exclude the period of time, if any" (1) after the Defendant made a written offer that complies with Pa.R.C.P. 238(b)(2), or (2) when the Plaintiff caused the delay.  Pa.R.C.P. 238(b)(1)(i)-(ii).

Defendants do not dispute that Plaintiff is entitled to delay damages.  Def. Resp. ¶¶ 6-7. Damages began to accrue on June 4, 2025, one year after Defendant Hamraj Singh was served.  Pl. Br. ¶ 15; Def. Resp. ¶ 7. The jury returned a verdict in Plaintiff's favor on December 4, 2025, 183 days later.  Pl. Br. ¶ 15.  The parties also do not dispute that the prime rate, as listed in the first section of *The Wall Street Journal* published on January 1, 2025, is 7.5%.  Pl. Br. ¶ 16; Def. Resp. Ex. C.   Adding one percent as required by Rule 238, the applicable rate is 8.5%.

The court must determine whether the accrual of delay damages was tolled by Defendants' settlement offers.  The court finds that Defendants failed to extend a settlement offer that complied with Rule 238's strict requirements and, therefore, did not toll the damages period.

<u>Defendants' written and verbal settlement offers did not comply with Rule 238</u>

A valid Rule 238(b)(2) offer requires that a settlement offer consist of: (1) a written offer; (2) for a specific sum; (3) that contains an express provision stating that the offer will remain open for at least ninety days or until the commencement of trial, whichever occurs first.  Plaintiff argues, and Defendants concede, that neither Defendants' written settlement offers dated August 15, 2025,

3

and October 14, 2025, nor their verbal offer made on November 4, 2025, contained an express provision stating that the offer would remain open for ninety days or until the start of trial. Instead, Defendants contend that their offers were effectively continuing until trial, as evidenced by the progressive nature of the settlement negotiations, counsel's conduct, and the absence of any qualifying terms or time limitations on the offers. Def. Resp. ¶ 6. The court disagrees.

The plain language of Rule 238 requires that defendants in civil actions seeking monetary relief for bodily injury, death, or property damage extend a written settlement offer that expressly contains a clause leaving the offer open for ninety days or until trial. This requirement is strictly enforced and "may not be assumed to be intended, extrapolated from outside sources, or inferred if the offer itself is to be considered genuine under the Rule." *Sonlin ex rel. Sonlin v. Abington Mem'l Hosp.*, 748 A.2d 213, 216 (2000) (citing *Arthur v. Kuchar*, 682 A.2d 1250 (1996)); *see also* Pa.R.C.P. 238, Explanatory Comment–2002. Accordingly, this court rejects Defendants' unsupported argument that it should ignore the plain language of Rule 238 in favor of extraneous factors such as the progressive nature of settlement negotiations, the parties' conduct, and the absence of time limitations on the offers. Put clearly, Defendants' settlement offers were not expressly continuing for the required amount of time, notwithstanding the fact that Plaintiff did not reject the August 15, 2025, offer until sixty days later, on October 13, 2025. Therefore, Plaintiff's delay damages will not be tolled from August 15, 2025, forward, because Defendants' settlement offers failed to comply with Rule 238.

Calculation of Delay Damages

Plaintiff's delay damages are calculated as follows:

| | |
|---|---|
| WSJ Prime rate on January 1, 2025 | 7.5% |
| Rule 238(a)(3) plus rate | <u>1.0%</u> |
| Total applicable rate | 8.5% |
| | |
| Total jury verdict of compensable damages | $100,000 |
| | |
| One-year post service of Complaint | June 4, 2025 |
| Verdict date | December 4, 2025 |
| Total number of days to verdict | 183 |
| | |
| Prime rate (8.50%) x Total verdict | $8,500 |
| Per diem (applicable rate x total verdict)/ 365 | $23.29 |
| Total delay damages (number of days x per diem) | $4,261.64 |

## III.    CONCLUSION

Accordingly, Plaintiff is awarded delay damages in the aggregate amount of $4,261.64.[1]

An order shall follow.

---

[1] To the extent that Plaintiff's Motion for Delay Damages includes a request for a Bill of Costs, Plaintiff must follow the procedural requirements for filing a Bill of Costs pursuant to AO 133 (Rev. 07/24), Bill of Costs.  *See also* Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action."); 28 U.S.C. § 1924; 28 U.S.C. § 1920.